## STATE v. WILLIAM HARVEY FARGO.

206 N. W. 2d 558.

April 20, 1973—No. 43766.

*Harry N. Ray,* for appellant.

*Kenneth J. Fitzpatrick,* City Attorney, and *A. Keith Hanzel* and *Harriet Lansing,* Assistant City Attorneys, for respondent.

Per Curiam.

Defendant, convicted in St. Paul municipal court of stopping his automobile upon a "highway outside of a business or residence district" in violation of Minn. St. 169.32, contends on this appeal from the judgment of conviction that the highway where he stopped, specifically the ramp connecting eastbound Interstate Highway No. I-94 with northbound Trunk Highway No. 280, is not a "highway outside of a business or residence district."

Determining whether the highway at the point at which defendant stopped his automobile is "outside of a business or residence district" requires a consideration of § 169.01, subds. 39 and 40. These subdivisions define "business district" and "residence district" in terms of frontage of business or residence property on the highway at the point where the motorist stops. It may be true that in a technical sense nearby businesses and residences "front" on the highway at the point at which defendant stopped his automobile and that in this sense defendant arguably stopped his automobile inside of a business or residence district. But this ignores the fact that a broad right-of-way and a high fence physically isolate this ramp, as well as Interstate Highway No. I-94, from any nearby residences or businesses that technically "front" on the highway. A road such as this, isolated by a right-of-way and a high fence from nearby property, is by any practical test "outside of" any business or residence district even though it passes through such a district.

The judgment of conviction is affirmed.